UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  UNITED STATES OF AMERICA,                                 :
                                                            :   **ORDER**
                                                            :
                - against -                                 :   21-cr-371 (BMC)
                                                            :
                                                            :
  AL MALIK ALSHAHHI, *et al.*,                              :
                                                            :
                          Defendants.                       :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Barrack's [321, 322] request for reconsideration is granted. Finding a waiver or failure to demonstrate privilege is too severe a sanction for the errors of Barrack's counsel. In a trial of this complexity, a ball or two will inevitably be dropped, and crucially, the record does not reflect Barrack "treat[ing] the communications in question in such a careless manner as to negate [his] intent to keep them confidential." U.S. v. Mejia, 655 F.3d 126, 134 (2d Cir. 2011).

The Court has reviewed the retention agreements that Thomas Davis and/or his firm, Davis Advisors LLC ("Davis Advisors"), entered into with defense counsel for Barrack on February 26, 2019, August 29, 2021, and October 26, 2021, respectively. Barrack has met his burden of showing that Davis was acting as an agent of defense counsel. See U.S. v. Kovel, 296 F.2d 918, 923 (2d Cir. 1961); von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 146 (2d Cir. 1987). Thus, communications between and among Davis, Davis Advisors, Barrack, Steptoe & Johnson, LLP, Paul Hastings LLP, O'Melveny & Myers LLP, and/or Willkie Farr & Gallagher LLP, made on or after February 26, 2019, are privileged to the extent that each individual communication was made "*in confidence* for the purpose of obtaining *legal advice from the*

*lawyer*." Kovel at 922 (emphasis in original); see also von Bulow at 146 (The operative question is whether the communications were made by an individual "in [his] capacity as an agent of an attorney for the purpose of obtaining legal advice from that attorney[.]"); cf. Kovel at 922 ("If what is sought is not legal advice but only accounting service . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.").

To the extent any of the withheld documents involving Mr. Davis do not satisfy the standard outlined above, counsel for Barrack must produce them by 6:00 PM on October 16, 2022. Counsel for Barrack must simultaneously submit to the Court the remaining Davis documents withheld for privilege so that the Court may review them *in camera* to ensure compliance with this Order. If the Court's review of these documents leads to the conclusion that the assertion of the privilege was not made in good faith despite the extra opportunities for review, the consequences will occur both in and beyond this case.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       October 16, 2022