

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH/MM          *271 Cadman Plaza East*
F. #2018R001309             *Brooklyn, New York 11201*

October 23, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Thomas J. Barrack and Matthew Grimes
        Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

The government writes in response to defendant Thomas J. Barrack's letter, filed on October 22, 2022, that attempts to justify yet another untimely disclosure of exhibits. Barrack claims that this disclosure—made in violation of multiple oral and written court orders regarding the disclosure of exhibits to the government—was necessary because of the government's "novel application" of venue that was "articulated for the first time…on the afternoon of October 20."

These claims are wholly inaccurate. Counsel for Barrack has known for nearly three months that the government would assert venue based on (among other things) the waterways surrounding the Eastern and Southern Districts of New York. On August 5, 2022, the government filed its proposed jury instructions, which included a venue instruction. See Request No. 12, Gov't. Requests to Charge (ECF No. 147). The proposal included (among other bases for venue), an explanation that "the Eastern District of New York includes the waters within New York and Bronx Counties, which include the waters surrounding the island of Manhattan that separate Manhattan from the other boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district." Id. The requested instruction includes citation to Second Circuit law supporting the waterways basis for venue.[1] On August 15, 2022, the government filed a letter that further discussed venue in response to the defendant's proposed jury instructions. See Gov't Letter dated Aug. 15, 2022 (ECF No. 161). In the letter, the government explained that the defendants' venue instructions were inadequate because, among other reasons, the jury needed to be instructed that venue includes "the waters within New York and Bronx Counties, including waters surrounding Manhattan." Id. at 11. The government even highlighted its theory of venue, noting that these instructions were needed because this was "a case that involves, among other things, international flights into and over the E.D.N.Y., electronic

---

[1] The request also included proposed instructions about physical presence, electronic communications, and other methods through which venue can be established. See id.

communications into and out of the E.D.N.Y., and other travel and conduct within or between the E.D.N.Y. and elsewhere." Id.

If counsel for Barrack somehow missed the government's views on venue when they were filed in early August, counsel should have noticed them when they were again raised last month. On September 28, 2022, the government filed its revised proposed jury instructions. The revised instructions contained a materially identical venue request, which again sought an instruction that the Eastern District of New York included the waters around Manhattan, the air space above the district, and travel and communications into and out of the district. See Request No. 12, Gov't Revised Requests to Charge (ECF No. 274). On October 4, 2022, the government wrote a detailed response to the defendant's revised jury instructions and, again, explained in detail why it believed a venue instruction discussing the waterways was necessary in this case. See Gov't Letter, dated Oct. 4, 2022 (ECF No. 288).

The claim that Barrack learned of a "novel application" of venue "for the first time on October 20" is neither serious nor credible. Counsel for Barrack has no excuse for this untimely disclosure. The government respectfully submits that enough is enough. The Court should preclude the defendant from admitting these thirteen additional untimely exhibits and any further late-noticed exhibits.[2]

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

---

[2] On Sunday, October 23, counsel for Mr. Barrack disclosed five more exhibits for the first time that it wishes to admit into evidence in its case-in-chief. The Court should preclude those exhibits for being untimely as well.

By:   /s/
Matthew J. McKenzie
Trial Attorney

Enclosures

cc:     Clerk of the Court (by email)
       Counsel of Record (by ECF)