

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH/MM
F. #2018R001309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 29, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Thomas J. Barrack and Matthew Grimes
                Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government writes to provide the Court with the information requested at the charging conference that was held today.

      A.    Names to Add to Indictment Language for Counts Six through Nine

      The government respectfully requests that the Court replace the anonymized identifiers in the quoted indictment language at pages 49 to 50 of the proposed charge, with the actual names of the individuals. The requested changes are as follows:

| Identifier to Replace | True Name to Add | Location in Charge |
|---|---|---|
| Emirati Official 1 | Sheikh Mohammed bin Zayed bin Sultan Al-Nahyan ("MBZ") | Page 49, Lines 16, 31, 33<br>Page 50, Lines 2, 3, 6, 8, 9, 18, 20, 21, and 23 |
| Emirati Official 2 | Sheikh Tahnoon bin Zayed Al-Nahyan | Page 49, Lines 16, 32, 34<br>Page 50, Lines 2, 3-4, 6, 8, 9 |
| Emirati Official 4 | Khalifa Al Ghafli | Page 49, Line 15 |
| U.S. Person 2 | Stephen Bannon | Page 50, Lines 18, 19, 21, 22 |

B.     Proposed Changes to Overt Acts Language

The government respectfully submits that the Court can include the representative sample overt acts listed below. However, as discussed at the charging conference, the government respectfully requests that the Court include the following language in the "overt acts" portion of the jury charge (pages 33-40):

The following is a sample of some, but not all, of the overt acts alleged in the Superseding Indictment. It is not required that all of the overt acts alleged in the Indictment be proven or that any overt act was committed at precisely the time alleged in the Indictment. Indeed, the government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial.[1]

The government proposes the following overt acts (9 of the 68 charged in the Superseding Indictment):[2]

13    I will now read the overt acts charged in the Indictment related to Count Two.

14    On or about the following dates, among others, the defendants exchanged text
15    messages and emails relating to BARRACK's promotion of the United Arab
16    Emirates and its foreign policy interests in media appearances:
17

| Date | Overt Act |
| --- | --- |
| September 5, 2016 | Emails between BARRACK and AL MALIK |

1
2    On or about the following dates, among others, the defendants exchanged text
3    messages and emails relating to drafting materials proposing a strategy for the

---

[1] See United States v. Kozeny, 667 F.3d 122 (2d Cir. 2011) (holding that "although proof of at least one overt act is necessary to prove an element of [conspiracy], which overt act among multiple such acts supports proof of a conspiracy conviction is a brute act and not itself [an] element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy" and also holding "the government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant.") (citing United States v. Kaplan, 490 F.3d 110, 129 (2d Cir. 2007) ("We have routinely found that no prejudice results from a variance between overt acts charged in an indictment and those proved at trial." (citing cases))); see also United States v. Van Hise, No. 12 CR 847, 2017 WL 3425750, at *28 (S.D.N.Y. Aug. 8, 2017) ("The overt act may itself be lawful and need not be charged in the indictment.").

[2] The government understands that the Court asked for six overt acts at the charging conference (see Tr. at 4736), but respectfully requests that it be permitted to include nine—one overt act for each of the nine categories of conduct identified in the Superseding Indictment.

2

4  United Arab Emirates to further its foreign policy interests with the United States:
5

| Date | Overt Act |
|---|---|
| July 27, 2016 | Emails between GRIMES and AL MALIK |

6
7  On or about the following dates, among others, the defendants exchanged text
8  messages and emails relating to BARRACK and GRIMES acquiring a cellular
9  telephone and installing a secure messaging application to facilitate BARRACK's
10 communications with senior officials of the United Arab Emirates:
11

| Date | Overt Act |
|---|---|
| October 6, 2016 | Text messages between GRIMES and AL MALIK |

1
2  On or about the following dates, among others, the defendants exchanged text
3  messages and emails relating to BARRACK and GRIMES soliciting and receiving
4  input from senior United Arab Emirates officials relating to the Op-Ed:
5

| Date | Overt Act |
|---|---|
| October 10, 2016 | Text messages between GRIMES and AL MALIK |

1
2  On or about the following dates, among others, the defendants exchanged text
3  messages and emails relating to BARRACK providing assistance to the United
4  Arab Emirates in connection with the transition within the United States
5  government to the incoming administration of the President-Elect:
6

| Date | Overt Act |
|---|---|
| November 16, 2016 | Emails between BARRACK and Yousef Al Otaiba |

1
2  On or about the following dates, among others, the defendants exchanged text
3  messages and emails relating to BARRACK and GRIMES providing assistance to
4  the United Arab Emirates in its dealings with the executive branch of the United
5  States government:
6

3

| Date | Overt Act |
|---|---|
| March 15, 2017 | Text messages between BARRACK and AL MALIK |

On or about the following dates, among others, the defendants exchanged text messages and emails relating to BARRACK and GRIMES advocating for the appointment of candidates favored by the United Arab Emirates in the new administration of the President in the United States government:

| Date | Overt Act |
|---|---|
| April 12, 2017 | Text messages between BARRACK and AL MALIK |

On or about the following dates, among others, the defendants exchanged text messages and emails relating to BARRACK aiding United Arab Emirates officials in connection with Emirati Official 1's visit on or about May 15, 20ll to the White House and reporting information about that meeting to United Arab Emirates officials after it occurred:

| Date | Overt Act |
|---|---|
| May 16, 2017 | Text messages between GRIMES and AL MALIK |

On or about the following dates, among others, the defendants exchanged text messages and emails relating to the defendants advancing the foreign policy interests of the United Arab Emirates by influencing the foreign policy of the United States with respect to Qatar:

| Date | Overt Act |
|---|---|
| September 27, 2017 | Text messages between BARRACK and AL MALIK |

4

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:   /s/
       Ryan C. Harris
       Samuel P. Nitze
       Hiral D. Mehta
       Craig R. Heeren
       Assistant U.S. Attorneys
       (718) 254-7000

       MATTHEW G. OLSEN
       Assistant Attorney General
       Department of Justice
       National Security Division

By:   /s/
       Matthew J. McKenzie
       Trial Attorney

Enclosures

cc:   Clerk of the Court (by email)
      Counsel of Record (by ECF)